Dominic SABBIA, Claimant–Appellant,

v.

Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 2010–7026.

United States Court of Appeals, Federal Circuit.

March 23, 2010.

Dominic Sabbia, Chicago, IL, pro se.

Jessica R. Toplin, Department of Justice, Washington, DC, for Respondent-Appellee.

Before MICHEL, Chief Judge, FRIEDMAN and LINN, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves for summary affirmance of the United States Court of Appeals for Veterans Claims' judgment in *Sabbia v. Shinseki,* 08–3638, 2009 WL 3416049 (Vet.App.2009), that dismissed Dominic Sabbia's appeal to that court for lack of jurisdiction. We consider whether we have jurisdiction over Sabbia's appeal to this court.

Sabbia filed a notice of appeal with the Court of Appeals for Veterans Claims, asserting that he was seeking review of a

November 3, 2008 Board of Veterans' Appeals decision. The Court of Appeals for Veterans Claims held that the Board had not issued a November 3, 2008 decision and that therefore it lacked jurisdiction over Sabbia's appeal. 38 U.S.C. § 7266(a). 38 U.S.C. § 7266(a). Although that court had not entered judgment by the date that the court received Sabbia's notice of appeal seeking review by this court, it treated the document as filed on the date that it entered judgment, i.e., December 1, 2009.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The issue in this case is whether the Board of Veterans' Appeals had issued any decision. That issue is a factual issue beyond this court's jurisdiction. Thus, this appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) This appeal is dismissed for lack of jurisdiction.

(2) The Secretary's motion for summary affirmance is denied.

(3) Each side shall bear its own costs.